UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN SIMMONS,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

Case No: 01-80527

Honorable Victoria A. Roberts

## ORDER DENYING PETITIONER'S MOTION

**I.    INTRODUCTION**

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence. (Doc. 81). This motion arises from Petitioner's belief that his attorney provided constitutionally ineffective assistance.

Defendant's motion is **DENIED**.

**II.    BACKGROUND**

On November 11, 2000, Petitioner was riding his bike when Detroit police officers saw him move his hand toward his waist in a way that led them to believe he was armed. They followed him. Petitioner fell off his bike, and the officers handcuffed and searched Petitioner. This search revealed a loaded, sawed off shotgun, ammunition, and a crack pipe.

On June 14, Petitioner was indicted for (1) felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and (2) possession of an unregistered firearm in violation of 26 U.S.C. §§ 5861(d) & 5845(a)(4).

1

Petitioner filed a pretrial motion to suppress the gun and ammunition, claiming they were products of an illegal search.  The Court referred the motion to a magistrate judge for a report and recommendation.  Without holding an evidentiary hearing, the magistrate issued a report recommending that Petitioner's motion be denied.  Petitioner filed no objections, and the Court adopted the magistrate's recommendation on November 22, 2005.

The case proceeded to trial, but after jury selection, Petitioner pled guilty to both counts of the indictment.  The Court accepted Petitioner's plea on August 7, 2006, and sentenced him to 180 months in prison.  Petitioner appealed.

On July 1, 2009, the Sixth Circuit affirmed Petitioner's sentence and the Court's decision which denied the pretrial motion to suppress, finding that Petitioner had not reserved the suppression issue for appeal. *United States v. Simmons,* 329 Fed. Appx. 629 (6th Cir. 2009).  Petitioner believes that his attorney's failure to reserve Petitioner's right to appeal the suppression ruling constituted ineffective assistance.

### III.     STANDARD OF REVIEW

Under 28 U.S.C. § 2255, "[a] prisoner in custody under sentence of a court established by Act of Congress . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."   To bring a motion under § 2255, a petitioner "must allege one of three bases as a threshold standard: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Weinberger v. United States,* 268 F.3d 346, 351 (6th Cir. 2001).  Here, Petitioner bases his motion on

the claim that his Sixth Amendment right to counsel was violated.

**IV. ANALYSIS**

Petitioner challenges his sentence on the ground that his defense counsel rendered ineffective assistance at his plea hearing by failing to preserve the Petitioner's right to appeal the denial of his pretrial suppression motion.

To prevail on this claim, the Petitioner must show both that (1) counsel was deficient and (2) counsel's deficiency prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). "To establish deficient performance, a petitioner must demonstrate that counsel's representation 'fell below an objective standard of resonableness.'" *Wiggins v. Smith,* 539 U.S. 510, 521 (2003) (quoting *Strickland,* 466 U.S. at 688). Counsel is deficient when he performs outside the bounds of "prevailing professional norms." *Strickland,* 466 U.S. at 688. There exists a strong presumption that counsel's performance was reasonable. *Id.* at 689.

Even where counsel's performance is deficient, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. " *Strickland,* 466 U.S. at 694.

The Supreme Court has held that the standard delineated in *Strickland* is also applicable to claims of ineffective assistance that arise out of a plea. *Hill v. Lockhart,* 474 U.S. 52, 57-58 (1985). Therefore, to be successful, Petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

### A. Petitioner's Counsel Was Not Deficient

Generally, a defendant's guilty plea waives all non-jurisdictional defects which occur prior to the plea proceedings. *Tollett v. Henderson,* 411 U.S. 258, 267 (1973). Because of this, a defendant who pleads guilty may not appeal a pre-plea ruling on a motion to suppress evidence unless he preserves the right to appeal that ruling by entering a conditional plea, which specifically preserves the right to appeal the decision on the suppression motion. *United States v. Herrera,* 265 F.3d 349, 351 (6th Cir. 2001).

Petitioner did not enter a conditional guilty plea. Indeed, the Sixth Circuit stated that Petitioner "entered an unconditional plea of guilty to being a felon in possession of a firearm and possession of an unregistered firearm." Thus, Petitioner's claim that his counsel was ineffective by failing to preserve this issue for appeal lacks merit; Petitioner's counsel could not preserve this issue, as Petitioner did not enter a conditional plea.

Federal Rule of Criminal Procedure 11(a)(2), which governs conditional pleas, provides:

> With the consent of the court and the government, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right to have an appellate court review an adverse determination of a specified pretrial motion. A defendant who prevails on appeal may then withdraw the plea.

Therefore, "[t]o preserve one's right to appeal a pre-plea motion under Rule 11(a)(2), there must be (1) a conditional guilty plea in writing; (2) that reserves the right to appeal a specified pre-trial motion; and (3) that evidences the government's consent." *United States v. Bell,* 350 F.3d 534, 535 (6th Cir. 2003).

Even if the Court assumed that Petitioner wished to enter a conditional guilty

4

plea, the Government makes clear in its response that it would not have consented. Regardless of whether Petitioner requested such a plea, or whether his counsel advised him of such a plea, Petitioner's counsel did not have the authority to enter a conditional plea without the Government's consent. Indeed, the Petitioner rejected a plea agreement offered by the Government before trial. Petitioner instead pled guilty after the jury had been empaneled, and without the benefit of any plea agreement with the Government

Furthermore, the Petitioner's plea was not in writing. "The Rule's writing requirement is excused only where a defendant 'made clear that he wished to preserve his right to appeal, the government acknowledged that he could appeal, and the court accepted . . . ." *United States v. Vasquez-Martinez,* 616 F.3d 600, 604 (6th Cir. 2010) (quoting *United States v. Young,* 580 F.3d 373, 376 (6th Cir. 2009)). Thus, it is clear that Petitioner could not have entered a conditional guilty plea.

Therefore, Petitioner's counsel was not deficient, as Petitioner was unable to preserve a pretrial suppression motion for appeal when entering an unconditional guilty plea.

**B. Petitioner Was Not Prejudiced**

The Court notes that Petitioner does not allege that, had he known that his motion to suppress would be unappealable, he would not have entered his plea. Nor does he allege that his plea was not knowing or voluntary. Therefore, Petitioner has not shown that he was prejudiced by his counsel's inability or failure to preserve his right to appeal the motion to suppress.

## V.     CONCLUSION

Petitioner meets neither prong of the *Strickland* test; Petitioner's counsel was not deficient and Petitioner was not prejudiced. Petitioner is not entitled to an evidentiary hearing, as it is clear "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255(b); *Fontaine v. United States,* 411 U.S. 213 (1973).

Petitioner's motion is **DENIED.**

**IT IS ORDERED.**

/s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: December 1, 2010

The undersigned certifies that a copy of this document was served on the attorneys of record and Steven Simmons by electronic means or U.S. Mail on December 1, 2010.

s/Linda Vertriest
Deputy Clerk